FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

4/12/2023

CLERK'S OFFICE
AT GREENBELT
BY ___JF___ , DEPUTY CLERK

*gcc*
LBG/LRH: USAO 2023R00051

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG 23CR133 |
| | * | |
| ISAIAH SHERROD POOLE, | * | (Production of Child Pornography, |
| | * | 18 U.S.C. § 2251(a); Forfeiture, |
| Defendant | * | 18 U.S.C. § 2253, 21 U.S.C. § 853(p), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

Between on or about June 12, 2022, and on or about July 18, 2022, in the District of Maryland and elsewhere, the defendant,

## ISAIAH SHERROD POOLE,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT TWO
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Between on or about June 21, 2022, and on or about August 12, 2022, in the District of Maryland and elsewhere, the defendant,

## ISAIAH SHERROD POOLE,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 2, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT THREE
**(Production of Child Pornography)**

The Grand Jury for the District of Maryland further charges that:

Between on or about August 22, 2022, and on or about September 1, 2022, in the District of Maryland and elsewhere, the defendant,

**ISAIAH SHERROD POOLE,**

did knowingly employ, use, persuade, induce, entice, and coerce Victim 3, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

3

**FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253 as a result of the defendant's conviction under Counts One, Two, and Three of this Indictment.

2.     Pursuant to 18 U.S.C. § 2253, upon conviction of the offenses set forth in Counts One, Two, and Three of this Indictment, in violation of 18 U.S.C. § 2251, the defendant,

**ISAIAH SHERROD POOLE,**

shall forfeit to the United States:

a.     Any visual depiction described in 18 U.S.C. § 2251, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b.     Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c.     Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3.     The property to be forfeited includes, but is not limited to, the following electronic devices seized from the Defendant's residence on January 12, 2023, that is:

a.   an Apple iPhone 11, s/n: DX6D7N4WN72N, IMEI: 356803115636083; and

b.   an Apple iPhone 6, s/n: FFMVRCCWHYFK, IMEI: 355789073005877.

**Substitute Assets**

4.      If any of the property described above, as a result of any act or omission of the

Defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided

        without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron /LBG*
_____
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED** –
_____
Foreperson

4/12/23
_____
Date

5