**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | **CRIMINAL NO. LKG-23-0133** |
| | * | |
| ISAIAH POOLE, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |
| | ****** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The Government submits this Response to Defendant Isaiah Poole's Sentencing Memorandum. *See* ECF No. 74. This Response makes three points. First, contrary to the Defendant's argument, U.S.S.G. § 4B1.5(b)(1)'s five-level enhancement applies even though this is his first conviction. Second, a ███████████████████████████████ ████████████████. Third, the Government clarifies that although the Defendant's in-person filming of two minors is not offense conduct—because the images are not child pornography—the incident is deeply troubling and confirms that Poole currently poses a threat to the community.

**I.     Poole's Serial Sexual Exploitation of Minors Triggers U.S.S.G. § 4B1.5(b)(1)**

As the Government explained (at 12-16), Poole's total offense level is increased five levels under U.S.S.G. § 4B1.5(b)(1). That is because the enhancement's three criteria are satisfied: Poole (1) was convicted of a "covered sex crime"; (2) is not a career offender and has no prior sex offense convictions (so neither §§ 4B1.1 nor 4B1.5(a) applies); and (3) engaged in a pattern of prohibited sexual conduct by repeatedly extorting multiple minor victims to send him sexually explicit photos and videos.

The Defendant concedes (at 28) that U.S.S.G. § 4B1.5(b)(1) "technically applies." But relying on Guidelines commentary, Poole nonetheless contends (at 29) that the enhancement "is

1

not entitled to deference," asserting that its application here would be "inconsistent with the general theory of recidivist sentencing enhancements." Poole identifies no court—from any district—that has adopted this argument, and this Court should not be the first. He is also wrong.

Applying § 4B1.5(b) comports with the Guidelines commentary. As Poole notes (at 28), the commentary explains that the enhancement is meant to punish "repeat child sex offenders." U.S.S.G. § 4B1.5 background cmt. But it also explains that the Sentencing Commission promulgated the enhancement in response to a congressional directive to "ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors." *Id.*; *see also* Protection of Children from Sexual Predators Act of 1998, Pub. L. 105-314, 112 Stat 2974, § 505 (1998) (directing the Commission to "promulgate amendments to the Federal Sentencing Guidelines to increase penalties applicable to [certain offenses] in any case in which the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor"). So while the enhancement serves to protect the public from future offenses, it *also* ensures just punishment for criminal conduct involving the abuse of multiple minors or a minor on multiple occasions. Poole does not dispute that he repeatedly exploited and extorted multiple minor victims into sending him sexually explicit images.

Poole's suggestion (at 28-29) that the enhancement does not apply because, as a first-time offender, he does not "present a continuing danger to the public," U.S.S.G. § 4B1.5 background cmt., is unavailing. An "occasion" of prohibited sexual conduct for § 4B1.5(b) includes conduct "without regard to whether the occasion . . . occurred during the course of the instant offense." U.S.S.G. § 4B1.5, App. Note 4(B)(ii). "The enhancement thus considers the pattern of prohibited sexual conduct as that which makes the defendant a repeat and dangerous sex offender, not past criminal history." *United States v. Hollon*, 948 F.3d 753, 759 (6th Cir. 2020).

2

**II.**  ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████.

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████.

**III.    Poole's In-Person Conduct Shows That He Poses a Threat to the Public**

In the plea agreement's stipulation of facts, the Defendant admitted to taking photos and a video of two minor females (ages 5 and 3) in their underwear while his mother babysat them.  *See* ECF No. 60-1 at 5-6.  The Government explained that this conduct weighed in favor of a significant term of imprisonment under the § 3553(a) factors because it shows "the Defendant's compulsion to create child pornography whenever the opportunity arises" and "the danger that Poole poses to the community."  ECF No. 70 at 18.

The Defendant contends (at 19) that the Government "overstates" this incident, noting that the images do "not meet the federal definition for child pornography" and "were not charged as or treated as relevant production conduct."  To be clear, the Government agrees that this conduct is not part of the charged offense for the purpose of calculating Poole's Guidelines range and that the images do not constitute child pornography under 18 U.S.C. § 2256(8).  The Government instead highlights this incident—which the Defendant acknowledges (at 18) was "wrong" and "unacceptable"—because it demonstrates that Poole's sexual interest in minors has crossed over from online to in-person, underscoring the danger he poses to the community presently.

**CONCLUSION**

The Government respectfully requests that the Court impose a total sentence of 300 months' imprisonment, followed by 20 years of supervised release, and a $100 special assessment.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    _____/s/_____
Alex Treiger
Brooke Oki
Assistant United States Attorneys

4
